## JESSE CLINTON v. STATE.

No. A-5873. Opinion Filed July 23, 1927.
(258 Pac. 286.)

H. P. Hosey, for plaintiff in error.

Ed Dabney, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of McCurtain county on a charge of transporting whisky and was sentenced to serve a term of 30 days in the county jail and to pay a fine of $50.

At the time charged, defendant was driving an automobile along the public highway from Idabel to Hochatown, about 11 o'clock at night. There deputy sheriffs were watching the highway for some purpose, and and as defendant approached they stepped into the road, leveled rifles at defendant, and stopped him. They had no warrant or search warrant, were not looking for defendant, and did not know who the person stopped was until after they came up to the car and defendant informed them he had whisky. The contention is made that the arrest was unlawful and in violation of the constitutional rights of defendant. All the evidence was admitted over objections. The testimony shows the following:

"* * * Q. Mr. Sweet had a rifle leveled on the car? A. Yes, sir.

"Q. Did you draw your gun? A. Yes, sir.

"Q. What kind of a gun did you have? A. 351 automatic Winchester.

"Q. Pistol or—? A. No; I said 351 automatic Winchester.

"Q. Rifle? Both of you had rifles leveled on the car when you told him to stop? A. Didn't tell him to stop—flagged him. * * *

"Q. Where was John Williams? A. He was on the right side to Jess, left side to me of the road.

"Q. Was he armed too? A. Yes, sir; he was.

"Q. What kind of a gun did he have? A. I don't know, he carries so many different kinds and trades so much. * * *

"Q. Did you know who it was? A. Yes; when he spoke, I knew.

"Q. Before that did you know who it was driving up here? You didn't have a search warrant? A. No.

"Q. You didn't know whose car you were stopping? A. No."

It is obvious that this arrest was without legal right or authority, and evidence procured by it incompetent.

The case is reversed and remanded.

DOYLE, P. J., concurs.

DAVENPORT, J., absent, not participating.